MAUDE C. MATTHEWS v. EUSTACE V. DENCH, as Executor of HENRY C. MATTHEWS, Deceased, et al.— Present — Peck, P. J., Callahan, Van Voorhis and Shientag, JJ. [See *ante*, p. 866.]

SPARE-WAY FOOD PRODUCTS OF NEW YORK, INC., v. ASSOCIATION OF FOOD DISTRIBUTORS, INC., et al.— Present — Peck, P. J., Cohn, Callahan and Van Voorhis, JJ. [See *ante*, p. 865.]

ROMAN SILVERSMITHS, INC., Appellant, v. HAMPSHIRE SILVER CO., INC., et al., Defendants, and IRWIN FENTON, Intervener, Respondent.— Present — Peck, P. J., Dore, Cohn and Shientag, JJ. [See *ante*, p. 857.]

· (April 10, 1952.)

ROYAL CHINA, INC., v. REGAL CHINA CORPORATION.— Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ. [See *ante*, pp. 515, 986.]

(April 15, 1952.)

COMMISSIONER OF WELFARE OF THE CITY OF NEW YORK, Respondent, *v.* GEORGE SCHOLTZ, Appellant.

VAN VOORHIS, J. (dissenting). We cannot speculate by assuming, contrary to complainant's positive testimony, that she had sexual intercourse with defendant between 1946 and August 14, 1949. Conception must have occurred on August 14, 1949, according to her testimony, if defendant is the father. In that event, the birth of the baby was premature by forty-seven days. That is so long in advance of the regular time, that the child could not have been described as a normal, full-term infant in the hospital record if the complainant became pregnant by defendant. This is not the clear and convincing evidence of paternity which the law requires. There were potent pressures on defendant tending to induce him to make the admission of paternity which he afterwards withdrew.

The order of affiliation appealed from should be reversed, and the complaint dismissed.

Cohn, J. P., Callahan, Shientag and Foster, JJ., concur in decision; Van Voorhis, J., dissents and votes to reverse and dismiss the complaint in opinion.

Order affirmed, with $20 costs and disbursements to respondent. No opinion.